[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
[AMENDED JUDGMENT]
This action, by writ and application claiming: in the first count that the assessment laid, as of October 1, 1991, by the defendant, Town of Windsor, on certain portions of the plaintiff's property described as:
 10 Beckwith Drive 16 Beckwith Drive 22 Beckwith Drive 28 Beckwith Drive 34 Beckwith Drive 355 Broad Street 400 Great Meadow Road 500 Great Meadow Road 26 Island Road 415 Island Road 1228 Windsor Avenue 205 Island Road (Part of): Brewster House 205 Island Road (Part of): Goodrich House 205 Island Road (Part of): Flagg House 205 Island Road (Part of): Holmes House 205 Island Road (Part of): Mills House 205 Island Road (Part of): Willow House 205 Island Road (Part of): Grant House 205 Island Road (Part of): Headmaster House 205 Island Road (Part of): Mather House 205 Island Road (Part of): Loomis House 205 Island Road (Part of): River Cottage 205 Island Road (Part of): Farm Cottage 205 Island Road (Part of): Grubbs House 205 Island Road (Part of): Ammidon House 205 Island Road (Part of): Homestead #2 205 Island Road (Part of): Plymouth House
was manifestly excessive and in violation of the plaintiff's Charter and General Statutes §§ 12-81(7) and 12-89, and in the second count that a tax has been laid on said property not taxable in the Town of Windsor, that said property has been wrongfully assessed and illegally taxed, and that the assessment laid on said property as of October 1, 1991 was manifestly excessive and in violation of the plaintiff's CT Page 5014 Charter and General Statutes §§ 12-81(7) and 12-119. Whereas, the plaintiff's application was amended on or about March 15, 1993 to include the assessment laid on said property as of October 1, 1992. Whereas, the plaintiff's application was amended a second time on or about March 3, 1994 to include the assessment laid on said property as of October 1, 1993.
Said action came to this court on December 14, 1993, wherein the action was tried before Superior court Judge Frances Allen on December 14, 1993, December 15, 1993, December 20, 1993 and December 21, 1993.
The court, having heard the parties, finds that judgment may enter finding for the plaintiff:
1. The subject properties are tax exempt under the terms of the plaintiff's Charter;
2. The subject properties are tax exempt under the terms of General Statutes § 12-81(7);
3. The Town of Windsor is ordered to correct the assessments against the plaintiff and shall remit to the plaintiff $134,134.99, which represents payment of the taxes paid by virtue of the assessments against plaintiff's property on the tax lists of October 1, 1991 and October 1, 1992.
4. The Town of Windsor shall pay the plaintiff interest pursuant to General Statutes § 52-192a(b) in the amount of $31,354.51, which represents payment of interest through the date of judgment, April 4, 1994; and
5. The Town of Windsor shall pay the plaintiff $608.20 for costs pursuant to General Statutes § 52-257 and as stated in plaintiff's Bill of Costs dated April 11, 1994.
Whereupon, it is adjudged that the plaintiff recover from the defendant the amount of $166,097.70.
BY THE COURT, Allen State Trial Referee CT Page 5015